## GLOUCESTER COUNTY COMMON PLEAS COURT.

BENJAMIN GREENBERG AND JOSEPH GREENBERG, TRADING AS KING KARD OVERALL COMPANY, PLAINTIFFS-APPELLEES, v. DAVID M. SEIDENBERG, DEFENDANT-APPELLANT.

Decided August 9, 1938.

For the defendant-appellant, *Ernest Redfield.*

For the plaintiffs-appellees, *Maurice L. Praissman.*

WOODS, C. P. J. Ernest Redfield, Esquire, counsel for David M. Seidenberg, defendant-appellant, raises a point of law in this court on which there appear to be very few New Jersey precedents. In his argument he is answered by Maurice L. Praissman, attorney for plaintiffs-appellees. The attorney for the defendant-appellant asks this court to direct a verdict of no cause for action, predicated upon the following facts:

### FACTS.

Counsel for both sides agree that judgment was entered in the Small Cause Court before Isaac Kotler, Esq., justice of the peace, on September 27th, 1928, in favor of the plaintiffs-appellees for $110.73 damages, and $19.95 costs. Appeal was perfected to this court. On December 2d, 1931, defendant-appellant was adjudicated a bankrupt by the United States District Court for the District of New Jersey, in which pro-

ceedings, plaintiffs-appellees were scheduled as a creditor and received notice of the bankruptcy hearing. On March 8th, 1932, defendant-appellant was discharged in bankruptcy by the United States District Court for the District of New Jersey from all debts and claims which were made provable by the Bankruptcy act against his estate and which existed on December 2d, 1931, the date of his adjudication in bankruptcy.

At this juncture the question to be determined is whether or no the plaintiffs-appellees should be permitted to litigate to final judgment. This court is of the opinion that they should be permitted so to do.

## As to the Briefs Filed.

We have examined the briefs filed by the defendant-appellant, the answer by the plaintiffs-appellees, and the reply of the defendant-appellant. We have also examined other authorities than those cited.

Section 16 of the Bankruptcy act of 1898 and likewise United States Code Title 11, chapter 3, section 34, provides as follows: "The liability of a person who is co-debtor with, or guarantor or in any manner a surety for a bankrupt shall not be altered by the discharge of such bankrupt."

*In re Marshall Paper Co.* (*Circuit Court of Appeals, First Circuit,* 1900), 102 *Fed. Rep.* 872; 4 *Am. B. R.* 468, the principle is laid down as follows: "While a discharge will release the personal liability of bankrupt, it does not affect secondary liabilities nor prevent a creditor from taking judgment against bankrupt in such limited form as will enable creditor to enforce secondary liabilities."

"A bond given by defendant (who later is adjudged bankrupt) to discharge an attachment, the condition of which is to pay amount the plaintiff shall recover on his writ, or any special judgment entered in said action, is in the nature of an independent contract, the effect of which is to discharge the lien on the goods resulting from the attachment, and a discharge in bankruptcy of the defendant does not discharge

the surety on the attachment bond. *Manufacturers' Finance Corp.* v. *Vye-Neill Co.* (*Circuit Court of Appeals, First Circuit*, 1933), 62 *Fed. Rep.* (2d) 625; *affirming* (*District Court, Massachusetts*, 1930), 46 *Id.* 146; 17 *Am. B. R.* (*N. S.*) 69.

"It is sufficient to say that he (obligee in attachment bond) has substantial rights against the sureties not affected by the bankruptcy proceedings, that he should be permitted to litigate to final judgment in the attachment suit in the state court, but, of course, can have no execution issued against the bankrupt upon any judgment he may recover therein." *Brown* v. *Four-in-One-Coal Co.* (*Circuit Court of Appeals, Sixth Circuit*, 1923), 286 *Fed. Rep.* 512; 2 *Am. B. R.* (*N. S.*) 569.

"Bankruptcy court may properly permit attachment creditor, where bankrupt has given bond, to prosecute, his action to judgment against bankrupt for purpose of perfecting his right of action against surety, but no execution will issue upon judgment against bankrupt." *In re Maaget* (*District Court, New York*, 1909), 173 *Fed. Rep.* 232; 23 *Am. B. R.* 14.

Counsel for plaintiffs-appellees cites *Butler Bros.* v. *Twineham*, 20 *A. B. R.* (*N. S.*) 551; 7 *Pac. Rep.* (2d) 531, decided January 30th, 1932. I have examined this case and have read the entire report. Here it appears that one Peter Twineham was indebted to Butler Brothers in the amount of $271.11. Judgment was returned against him on March 29th, 1929, in the City Court of Kansas City. Twineham took an appeal to the District Court on June 1st, 1929, and filed an appeal bond which was signed by Melvin E. Buck as surety. The bond was in the usual form and recited that the signers "bind ourselves to said plaintiff, in the sum of $550," conditioned upon the defendant's prosecuting his appeal to effect and without unnecessary delay, and "should satisfy such judgment and costs as may be rendered against him."

The substance of the appeal bond in that case was not unlike the appeal bond filed in the present case. The court in that case concluded:

1. That the discharge in bankruptcy does not destroy the debt, but merely bars collection thereof.

2. That discharge in bankruptcy is personal to the bankrupt and does not release surety for bankrupt's obligation from liability.

3. Where the defendant, pending determination of appeal from adverse judgment, was adjudged bankrupt and subsequently discharged, surety on appeal bond executed prior to bankruptcy proceedings was held, nevertheless, liable to judgment creditor.

Admittedly, there is some conflict of law, but the better reason tends to convince this court that an appeal bond is given to protect the judgment creditor for just such exigencies.

At this time, to be sure, the court is not called upon to determine the liability of the surety, but the court is called upon to determine whether or not the plaintiffs-appellees may prosecute their action on appeal. This we feel the plaintiffs-appellees have a right to do. Should the plaintiffs-appellees succeed in this court, then the court will have a right to mold its judgment and verdict in conformity with the proofs under the Bankruptcy law.

An order permitting the plaintiffs-appellees to litigate to final judgment, accordingly will be entered.